*Pineda v. Sessions*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand eighteen.

PRESENT:   GUIDO CALABRESI,
                     JOSÉ A. CABRANES,
                     RAYMOND J. LOHIER, JR.,

                                   *Circuit Judges*

_____

DANILO A. PINEDA, A/K/A PINEDA DANILO,
A/K/A DANILO PINEIDA, A/K/A JOHN DOE,

                    *Petitioner,*                                      16-2563

                             v.

JEFFERSON B. SESSIONS III UNITED STATES
ATTORNEY GENERAL,

                    *Respondent.*

_____

1

**FOR PETITIONER:** Stacy Taeuber, Maria Navarro, *for* Seymour James, Attorney-in-Chief, The Legal Aid Society, New York, New York.

**FOR RESPONDENT:** Rachel L. Browning, Keith I. McManus, *for* Chad A. Readler, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of the July 13, 2016 decision issued by the Board of Immigration Appeals be and hereby is **DISMISSED** as moot.

Petitioner Danilo Pineda ("petitioner" or "Pineda") seeks review of a decision of the Board of Immigration Appeals ("BIA") in which the Board dismissed his appeal from an Immigration Judge's denial of his request for a continuance of removal proceedings to await the adjudication of his U visa application by U.S. Citizenship and Immigration Services ("USCIS"). We assume the parties' familiarity with the facts, the underlying procedural history, and the issues presented on appeal.

We have jurisdiction to review decisions by the BIA to grant or deny continuances. *Sanusi v. Gonzales*, 445 F.3d 193, 198–99 (2d Cir. 2006) (per curiam). We review the BIA's decision to deny a continuance for abuse of discretion. *Id.* at 199.

USCIS, which possesses sole authority to review U visa applications, denied Pineda's applications for a U visa and a concurrent waiver of inadmissibility[1] on January 30, 2017. Pineda argues that this decision does not render his petition moot because his motion to reopen his U visa application remains pending with the Administrative Appeals Office. However, because Pineda has effectively been granted the relief he sought (namely, a six-month delay in removal proceedings), his petition is moot. *See Kamagate v. Ashcroft,* 385 F.3d 144, 150 (2d Cir. 2004) ("A case becomes moot, if, at any stage of the proceedings, it fails to satisfy the case-or-controversy requirement of Article III, Section 2, of the Constitution.").

---

[1] Pineda applied for a waiver of inadmissibility alongside his U visa application. Such a waiver was required in order for USCIS to consider his U visa application, as a U visa applicant must be admissible to the United States or otherwise seek a waiver of inadmissibility from USCIS. *See* 8 C.F.R. §§ 212.17(a), 214.1(a)(3)(f), 214.14(b) & (c)(2)(iv).

We hereby DISMISS as moot Pineda's petition for review of the BIA's order of July 13, 2016.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk